UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


CHARLOTTE KEEL-DESENSI,

    Plaintiff,

v.                                            Case No. 8:17-cv-2273-T-AEP

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.
_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for a period of disability and DIB (Tr. 164-70). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 62-81, 86-96). Plaintiff then requested an administrative hearing (Tr. 99-113). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 31-61). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 14-30). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-13). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. § 405(g).

**B.     Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1959, claimed disability beginning June 4, 2014 (Tr. 164). Plaintiff obtained a high school education (Tr. 189). Plaintiff's past relevant work experience included work as a toll collector, teller, data entry clerk, and tracer clerk (Tr. 54-55, 190). Plaintiff alleged disability due to high blood pressure, type two diabetes, and rheumatoid arthritis bilaterally in the knees and hands (Tr. 188).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2019, and that Plaintiff had not engaged in substantial gainful activity since June 4, 2014, the alleged onset date (Tr. 19). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative joint disease bilateral knees, history of left shoulder impingement (status-post surgery), generalized osteoarthritis, diabetes mellitus, hypertension, and obesity (Tr. 19). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 19). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform a limited range of sedentary work, including the following limitations: could lift and carry 10 pounds occasionally and smaller items frequently; could sit six hours out of an eight-hour workday (one hour at a time); could stand one hour out of an eight-hour workday (15-20 minutes at a time); walk one hour out of an eight-hour workday (10 minutes at a time); limited to frequently reaching, handling, fingering, feeling, and pushing/pulling with right upper extremity and occasional reaching, handling, fingering, feeling, and pushing/pulling with left upper extremity; could occasionally operate foot controls with bilateral lower extremities; could occasionally climb ramps/stairs, never climb ladders, ropes, or scaffolds; could never balance, stoop, kneel,

crouch, or crawl; could never work around unprotected heights; could occasionally operate a motor vehicle; and must avoid even moderate exposure to moving machinery, extreme cold and vibration, and avoid concentrated exposure to humidity/wetness, pulmonary irritants, extreme heat, and loud noises (Tr. 20).

In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints in determining that Plaintiff's testimony regarding disabling impairments and related symptoms were not found to be fully consistent when evaluated in conjunction with the medical evidence of the record as a whole (Tr. 23). Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could perform her past relevant work as a Tracer Clerk (Tr. 25). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 25).

## II.

To be entitled to benefits, a Plaintiff must be disabled, meaning the Plaintiff must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a Plaintiff is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine,

in sequence, the following: whether the Plaintiff is currently engaged in substantial gainful activity; whether the Plaintiff has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the Plaintiff can perform his or her past relevant work. If the Plaintiff cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the Plaintiff can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a). A Plaintiff is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a Plaintiff is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). Further, a doctor's conservative medical treatment for a particular condition or failure to restrict a Plaintiff's ability to perform work, tends to negate a claim of disability. *See Sheldon v. Astrue*, 268 F. App'x 871, 872 (11th Cir. 2008); *Moncrief v. Astrue*, 300 F. App'x 879, 881 (11th Cir. 2008). And, while the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates

against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*).

### III.

Plaintiff argues that the ALJ erred by failing to properly evaluate Dr. Robin Hughes' opinion. For the reasons that follow, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

**A. Medical Opinions**

When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). Nevertheless, as long "as the ALJ's decision enables the district court to conclude that the ALJ considered the claimant's medical condition as a whole," an ALJ is not required to specifically discuss each and every aspect of a doctor's opinion. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005); *Adams v. Commissioner, Social Security Administration*, 586 F. App'x 531, 533-34 (11th Cir. 2014) (rejecting the plaintiff's contention that the ALJ erred by failing to discuss an aspect of a neurologist's opinion when the ALJ's decision "made clear that he considered both the neurologist's opinion and [plaintiff's] medical condition as a whole); *Newberry v. Commissioner, Social Security Administration*, 572 F. App'x 671, 672 (11th Cir. 2014) (rejecting plaintiff's contention that the ALJ erred by failing to discuss an aspect of the doctor's

opinion when the "ALJ's ultimate conclusion was based on substantial evidence"). The Social Security regulations provide guidelines for the ALJ to employ when evaluating medical opinion evidence. *See* 20 C.F.R. §§ 404.1527, 416.927. In determining the weight to afford a medical opinion, the ALJ considers a variety of factors including but not limited to the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record as a whole, and the area of the doctor's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c). For instance, the more a medical source presents evidence to support an opinion, such as medical signs and laboratory findings, the more weight that medical opinion will receive. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Further, the more consistent the medical opinion is with the record as a whole, the more weight that opinion will receive. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).

Typically, the ALJ must afford the testimony of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (citation omitted). Good cause exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). In fact, the ALJ may reject any opinion when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Opinions of non-treating medical sources receive no special deference. 20 C.F.R. §§ 416.902, 416.927(c)(1) & (2); *Crawford*, 363 F.3d at 1160 ("The ALJ correctly found that, because Hartig examined Crawford on only one occasion, her opinion was not entitled to great weight."); *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) ("The ALJ does not have to defer to the opinion of a physician who conducted a single

examination, and who was not a treating physician.") (citation omitted). Nonetheless, all medical opinions, including those of non-treating state agency or other program examiners or consultants, are to be considered and evaluated by the ALJ. *See* 20 C.F.R. § 404.1527; 20 C.F.R. § 416.927. Further, statements by a medical source that a claimant is "disabled" or "unable to work" constitute opinions on issues reserved to the Commissioner and do not direct that a finding of disabled is warranted. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); *see Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877-78 (11th Cir. 2013) (stating that it is the Commissioner, not a claimant's physician, who determines whether a claimant is statutorily disabled, and a statement by a medical source that a claimant is disabled does not mean that the Commissioner will conclude a claimant is disabled).

After considering all relevant evidence, an ALJ must determine the Plaintiff's RFC through a function-by-function analysis. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). An RFC indicates the most a person can still do, despite their limitations. 20 CFR § 404.1545(a). While the RFC is a medical assessment and should be supported by medical evidence, an ALJ is not limited to considering medical evidence in determining a Plaintiff's RFC. *Stanley v. Astrue*, 286 F. App'x 918, 919 (11th Cir 2010). And, an ALJ is "under no obligation to obtain or adopt a medical source statement's findings as her RFC finding." *Robinson v. Astrue*, 365 Fed. App'x 993, 999 (11th Cir. 2010). Instead, the ALJ is exclusively responsible for formulating the Plaintiff's RFC, and the RFC should be determined based on all relevant evidence of a Plaintiffs ability to do work related activities. Social Security Ruling 96-5p, 1996 WL 374183, at *4–5 (explaining that "[t]he [RFC] assessment is based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence, such as observations of lay witnesses of an individual's apparent symptomatology, an individual's own statement of what he or she is able or unable to do, and

many other factors that could help the adjudicator determine the most reasonable findings in light of the evidence."). Accordingly, the ALJ is only required to demonstrate that she "considered the claimant's medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

### a. Dr. Robin Hughes

Here, Plaintiff contends that the ALJ erred by improperly rejecting Dr. Hughes' finding that Plaintiff cannot sit, stand, and walk for long enough to complete an eight-hour workday. Dr. Hughes was not a treating physician, so the ALJ did not have to give special deference to the medical opinion, or provide good cause for failing to do so. 20 C.F.R. §§ 416.902, 416.927(c)(1) & (2); *Crawford*, 363 F.3d at 1160. Nevertheless, the ALJ explicitly stated that he gave great weight to Dr. Hughes' opinion (Tr. 24) and set forth such opinion, which, in relevant part, limited Plaintiff to "occasionally lift/carry 10 pounds; sit one hour at one time without interruption, stand 15-20 minutes and walk 10 minutes at one time. *She could sit 6 hours in an 8-hour workday, stand 1 hour in an 8-hour workday and walk 30 minutes during an 8-hour workday.*" (Tr. 23, 323-28) (emphasis added). Because the total time for sitting, standing, and walking did not equal or exceed eight hours according to his findings, Dr. Hughes noted that Plaintiff would need to be in her rocker at home for the rest of that time (Tr. 323).

The ALJ applied the proper legal standards and independently formulated the RFC by evaluating all of the medical opinion evidence, as well as other evidence in the record (Tr. 24). Social Security Ruling 96-5p, 1996 WL 374183, at *4-5. The ALJ considered all the medical evidence of record, specifically including Plaintiff's treating physician treatment notes, Dr. Kim. Further, the ALJ considered and gave some weight to Dr. Glen Bigsby's opinion that Plaintiff had the RFC to perform a wide range of light work activity, noting her ability to stand or walk for a total of five hours with normal breaks (Tr. 24). Moreover, the ALJ considered

Plaintiff's routine and conservative treatment, noting that the treatment appeared to control her systems with no emergency room visits or admission (Tr. 22). The ALJ also considered claimant's subjective complaints (Tr. 25). And, like in *Tran* where "the ALJ did not ignore [the doctor's] notes, but discussed them at length," the ALJ in this case extensively discussed Dr. Hughes' findings—including the sitting limitations— and incorporated many, but not all, aspects of Dr. Hughes's opinion into Plaintiff's RFC (Tr. 22). Accordingly, although the ALJ did not explicitly incorporate Dr. Hughes's functional limitation, she clearly considered Plaintiff's condition as a whole when formulating the RFC. *See Dyer*, 395 F.3d at 1211. Thus, because the ALJ is exclusively responsible for formulating the RFC, and Dr. Hughes's opinion was not entitled to any special deference, the ALJ did not commit a reversible error by failing to incorporate every aspect of Dr. Hughes's opinion into the RFC (Tr. 24).

Finally, substantial evidence supported the ALJ's determination that Plaintiff can perform a reduced range of sedentary work. First, Plaintiff's treating physician's conservative medical treatment negates her claim of disability. *Sheldon*, 268 F. App'x at 872. Plaintiff's treating physician, Dr. Kim, who treated the Plaintiff from November 2010 to February 2016, regularly reported normal physical examination findings showing full range of motion and muscle strength in all extremities (Tr. 277–305, 307–08, 310–11, 313–15). Moreover, Dr. Kim consistently indicated that Plaintiff appeared to be "in a good state of health" (Tr. 277–305). Dr. Kim's notes, documenting normal findings and general good health, provide support for the ALJ's RFC determination. Further, as stated by the ALJ, Dr. Kim did not make any objective findings that would preclude sedentary work activity (Tr. 24). Instead, Dr. Kim recommended conservative treatment and counseled Plaintiff on a regime of daily exercise to assist with weight loss and diabetes management—suggesting that Plaintiff remained capable of the

minimal activity associated with sedentary level work (Tr. 277–305, 307–08, 310–11, 313–15). *Sheldon*, 268 F. App'x at 872.

Moreover, Plaintiff's reported activities support the ALJ's determination that she retained the RFC to perform sedentary work (Tr. 21, 24-25). Plaintiff indicated that she was able to perform household chores with some assistance and occasionally made herself meals (Tr. 21, 49, 211). Further, Plaintiff spent time during the day on her computer and watched television in her chair (Tr. 49, 51). In fact, Plaintiff herself stated that she can sit for three-to-four hours at a time before needing to get up (Tr. 21). Also, Plaintiff occasionally went grocery shopping with her husband, which required her to walk around (Tr. 49).

In conclusion, the ALJ sufficiently evaluated Dr. Hughes's opinion together with the other evidence in the record and the ALJ was not required to incorporate all portions of Dr. Hughes's opinion into the RFC. Further, substantial evidence supports the ALJ's finding that Plaintiff could perform a reduced range of sedentary work for an eight-hour work day, and Plaintiff has failed to meet her burden of showing that she is more limited than found by the ALJ. For the foregoing reasons, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 29th day of March, 2019.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record